UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, et al.,<br><br>Plaintiffs,<br><br>– against –<br><br>TANYA MASTOLONI, et al.<br><br>Defendants. | Civil Action No. _____<br><br><br><br><br><br><br><br>May 19, 2014 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION TO SEAL THE COMPLAINT AND PROCEED WITH FICTITIOUS NAMES

The Plaintiffs, by and through, their counsel, Thomas S. Groth, hereby move for the following relief:

1. an Order that the above-captioned matter shall proceed with fictitious names used for all three Plaintiffs and for the two older daughters who are related to the three Plaintiffs;

2. an Order sealing the unredacted Complaint; and

3. an Order prohibiting the Defendants and their counsel from disclosing to anyone the true identities of the three Plaintiffs, and the true identities of the two older daughters who are related to the three Plaintiffs.

The instant case involves a mother and father whose three daughters were subjected to predatory religious indoctrination by the Defendants while the daughters were attending a public high school. As part of the religious indoctrination, the Defendant school officials attempted to alienate each of the young women from their parents. The two older daughters have succumbed to the religious indoctrination, and are now estranged from their parents. The youngest daughter broke free from the religious indoctrination and has now reconciled with her parents. The youngest daughter, and her two parents, are now suing the Defendants for violations of their civil rights, and related causes of action. The youngest daughter is only sixteen years old, and still attends the same high school where the actions complained of occurred. She is concerned that she will be subjected to ridicule and harassment in her high school if her name were to be publicly associated with the instant case.

The Local Court Rules require that the identity of a minor be redacted from all documents filed with the Court that will be publicly available. L.R. 5(e)(8); see also T.K. v.

<u>Waterbury Bd. of Educ.</u>, 2003 U.S. Dist. LEXIS 22110 (D. Conn. Oct. 19, 2003) ("The Court will grant the motion to proceed through use of fictitious names as that appears to be a narrowly tailored remedy properly designed to protect the privacy of plaintiffs' minor child.") In this case, because the minor's parents are also Plaintiffs, and because the minor and her parents all have the same last name, a redaction of the minor's name alone would be of little value. Many people in the Avon school community would recognize the parents' names and immediately know who the minor Plaintiff is. Therefore, the Plaintiffs respectfully request that all three Plaintiffs be permitted to proceed with fictitious names.

The Plaintiffs are also concerned about exposing the identities of the two older daughters. Both of those daughters are now over the age of 18 and are estranged from the rest of the family. Nevertheless, both older daughters are critical to the fact pattern at issue, and their names will necessarily have to be discussed frequently throughout these proceedings. If their real names were used, it would expose the identity of the minor Plaintiff. In the same way that people in the Avon school community would recognize the names of the minor's parents, they would also recognize the names of the minor's sisters. Therefore, the Plaintiffs respectfully request that the two older daughters also be referred to with fictitious names throughout these proceedings.

Moreover, to ensure that the minor's privacy is protected, the Plaintiffs respectfully request that this Court order that the unredacted version of the Complaint, which contains the Plaintiffs' real names and which has been filed under seal, remain under seal.

Additionally, in order so that the Defendants cannot defeat the purpose of this motion by publishing or disseminating the unredacted Complaint after they are served with it, the Plaintiffs respectfully request that this Court issue an Order prohibiting the Defendants and their counsel from disclosing to anyone the true identities of the three Plaintiffs, and the true identities of the two older daughters who are related to the three Plaintiffs.

Finally, the Plaintiffs respectfully request that this motion be treated on an emergency basis, so that the protections for the minor's privacy will be in place before the Defendants are served with the Complaint. This will not cause any prejudice to the Defendants, since the Local Rules provide the Defendants with the right to challenge a sealing order at a later time. <u>See</u> L.R. 5(e)(6).

Dated: May 19, 2014     By: _____
**THOMAS S. GROTH #ct29353**
**Law Office of Thomas S. Groth, LLC**
18 Park Place, 1st Floor
Naugatuck, CT 06770
Phone: 860-484-3529
E-mail: tsg@4thelaw.net
Attorney for Plaintiffs,
  **Jane Doe, John Doe, and J.D.**

2