## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE DOE, a Connecticut resident; JOHN DOE, a Connecticut resident; and J.D., a Connecticut resident, | 3:14-CV-00718 (CSH) |
| Plaintiffs, | |
| v. | |
| TANYA MASTOLONI (aka Tanya Romero), a Connecticut resident; REBECCA KESSLER (nee Wills), a Connecticut resident; CHRISTOPHER ESPOSITO, a California resident; LAURA SULLIVAN, a Connecticut resident; AVON PUBLIC SCHOOLS, a Connecticut public school district, | May 22, 2015 |
| Defendants. | |

## RULING ON FACULTY DEFENDANTS' MOTION TO DISMISS AND REVOKE ADMISSION *PRO HAC VICE*, AND PLAINTIFFS' MOTION TO COMPEL DISCOVERY

**HAIGHT,** Senior District Judge:

Plaintiffs Jane Doe, John Doe, and J.D.,[1] and individual defendants Tanya Mastoloni, Rebecca Kessler, Christopher Esposito, and Laura Sullivan, faculty members of co-defendant Avon Public Schools, have filed cross-motions pursuant to Rule 37 of the Federal Rules of Civil Procedure. The individual defendants ("Faculty Defendants") move for a court order sanctioning Plaintiffs for inadequate document production by dismissing their claims or revoking the *pro hac vice* admission of their attorney, Paul S. Grosswald, Esquire. The Plaintiffs move for a court order

---

[1] In accordance with our Local Rules, we granted Plaintiffs permission to proceed in this lawsuit with fictitious names in order to protect the identity of J.D., the minor daughter of Jane and John Doe. Docs. [2-1], [7]; *see* D. Conn. Loc. R. 5(e)8.

compelling the production of certain documents.  Each motion is procedurally defective and will be denied, without prejudice, subject to the conditions for re-filing described herein.[2]

## I

The facts and circumstances of the case are familiar to the parties, and need not be repeated in depth.  For present purposes, it is sufficient to say that the complaint charges Avon Public Schools or its Faculty Defendants with twenty-six causes of action, alleging common law torts and deprivation of rights protected by our federal and state constitutions.  Doc. [1].  The gravamen of the complaint is that J.D., a student at Avon High School, and her older sisters, E.D. and L.D., graduates of that school, were the victims of predatory religious indoctrination while students at Avon High School.  Plaintiffs seeks redress from the Faculty Defendants, whom they cast as the principle actors in that indoctrination, and Avon Public Schools, the employer of the Faculty Defendants.  Plaintiffs claim that Defendants' conduct has caused them severe emotional pain and mental anguish.

The complaint alleges that the Court has original jurisdiction over Plaintiffs' federal claims, pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over their state claims pursuant to 28 U.S.C. § 1367.  Figuring prominently in Plaintiffs' theory of federal jurisdiction, are allegations that Defendants' actions and omissions have inhibited their free exercise of religion, rights secured by the Establishment Clause and the Free Exercise Clause in the First Amendment to the United States Constitution.

From these facts, the instant motions rise.

---

[2] The Court issues this Ruling before adjudicating other pending motions because the exigencies of discovery practice require it.  The Court expresses no opinion on other motions, which remain *sub judice*.

**II**

The Faculty Defendants move for a court order sanctioning Plaintiffs, for their failure to cooperate in discovery, by dismissing Plaintiffs' claims and revoking the *pro hac vice* admission of their attorney, Mr. Grosswald.  Plaintiffs argue that there is no procedural or classical basis for sanctions in these circumstances, and request the Court to order the Faculty Defendants to pay legal fees and costs associated with preparing their response to the Faculty Defendants' "improper" motion. Doc. [89] at 3.  We discern no basis for granting the Faculty Defendants' motion or Plaintiffs' request for fees and costs.

The Faculty Defendants describe the circumstances that give rise to their motion.  On August 7, 2014, the Faculty Defendants served Plaintiffs with their first set of interrogatories and requests for production.  Doc. [88-1] at 2.  After a series of communications between the parties regarding the scope of discovery and the language of a certain Stipulation and Order of Confidentially (or "protective order"), Plaintiffs served the Faculty Defendants on December 18, 2014, with answers and objections to the Faculty Defendants' August 7 interrogatories and requests for production. Docs. [88-2] at ¶¶ 10-11; [89] at 2.  The Faculty Defendants explain that though they produced over 1,000 pages of documents in response to Plaintiffs' own set of discovery demands, Plaintiffs' December 18 discovery response yielded only *one* document — the resume of Jane Doe.  Doc. [88-1] at 3.  Their frustration is exacerbated by the "conundrum . . . regarding the disclosure of documents and the taking of depositions" created by Plaintiffs' counsel, Mr. Grosswald:

> First, Attorney Grosswald inserted into the FRCP 26(f) report a provision that no deposition will occur until written discovery is complete.  Then he withholds relevant written discovery until **after** the [Faculty] Defendants are deposed, based on the specious objection that he does not have to produce written documents that are

3

> responsive to a formal discovery request if those documents also have
> impeachment value.

Doc. [88-1] at 4 (emphasis in original, citations to record omitted). The Faculty Defendants explain

that Mr. Grosswald's failure to comply with discovery is indefensible in another respect: He refuses

to provide documents concerning Plaintiffs' medical treatment until the parties agree to a protective

order; however, he will not consent to such an order despite agreeing in principle to the terms of one

on an earlier occasion.

From the Faculty Defendants' version of events, it is easy to understand why they are left

discomfitted in these circumstances.  They say they have responded, in good faith, to Plaintiffs'

discovery requests.  Plaintiffs, they tell us, have not responded in kind.  Morever, the Faculty

Defendants state that Plaintiffs, through counsel, will not agree to depositions until written discovery

is completed; yet at the same time, Plaintiffs will not provide the written discovery that must be

completed before the depositions can be conducted.  Furthermore, the Faculty Defendants complain

that Plaintiffs will not produce certain medical evidence until a protective order is in place, yet refuse

to agree to the terms of such an order.  Perhaps these circumstances would make for a particularly

persuasive motion to compel discovery.   But the Faculty Defendants have not filed one.  Rather,

they have moved the Court to revoke Mr. Grosswald's *pro hac vice* admission and to dismiss

Plaintiffs' claims for Plaintiffs' failure to comply with discovery requests.[3]

---

[3]Notwithstanding the Faculty Defendants' catch-all request for "other relief this court deems just," doc. [88-1] at 16, we cannot construe the instant motion as a motion to compel discovery. The Faculty Defendants do not ask the Court to compel discovery, nor do they cite or discuss Rule 37(a), which authorizes a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Moreover, the Faculty Defendant's supporting memorandum does not, as required by District of Connecticut Local Rule 37(b)1, "contain . . . a specific verbatim listing of each of the items of discovery sought or opposed" replete with "the reason why the items should be allowed or disallowed." D. Conn. Loc. R. 37(b)1.

In support of the Faculty Defendants motion to dismiss Plaintiffs' claims, they rely principally on Fed. R. Civ. P 37(d)(1)(A)(ii), which states that the "court may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answer, objections, or written response." *Id.* The Faculty Defendants explain that Rule 37(d) violations are grounds for the court to issue any number of sanctions, including "dismissing the action in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)). Their motion is not well-founded.

As Plaintiffs point out, the Faculty Defendants acknowledge that on December 18, 2014, Plaintiffs served their answers and objections to the Faculty Defendants' August 7 interrogatories and requests for productions. Doc. [89] (citing Doc. [88-2] at ¶¶ 10-11 (stating "on December 18, 2014, all three Plaintiffs filed responses discovery in which they refused to disclose responsive documents . . ." and "[i]n the same December 18, 2014 responses to discovery, Plaintiffs refused to disclose information and documents . . ."). Rule 37(d)(1)(A)(ii) applies only in circumstances where a party provides no response whatsoever to a discovery request under Rule 33 and 34 — not where a party has responded to discovery requests by way of answer or objection. *See* 7 Moore's Federal Practice 3d. § 37.90 (Matthew Bender ed.).

Professor Moore explains Rule 37's system of "progressive discipline," *id.*, and the narrower function of Rule 37(d):

> [T]he first two subdivisions of Rule 37 contemplate a system of progressive discipline. Initially, shortcomings in discovery responses trigger either no sanction at all, if the position take by the responding party was substantially justified, or only a modest monetary penalty, limited to the expenses the propounding party incurred in making the

motion.  Harsher sanctions are available only if this limited initial judicial intervention fails to motivate the responding party to satisfy its discovery obligations.

The function of Rule 37(d) becomes clear against this backdrop.  In view of the fact that this provision was positioned toward the end of Rule 37, and outside the system of progressive discipline established in subdivisions (a) and (b), it appears that the drafters expected the type of misconduct that would trigger sanctions pursuant to subdivision (d) to occur relatively rarely.  The misconduct at which subdivision (d) is directed consists of a party's *complete failure to respond*, by way of appearance, objection, answer, or motion for protective order, to a discovery request.  Such a *complete failure* strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing.  It provides the propounding party with no evidence at all, no basis to begin to understand the grounds for objection, and thus no basis for a dialogue that might refine and move the discovery process forward. . . .

Thus, if a party (or its agent or designee) does not . . . answer or object to interrogatories properly served, or does not make a written response to a proper request for production or inspection, the court may impose sanctions directly, without first issuing an order to compel discovery.  In this respect, Rule 37(d) makes it abundantly clear that a party properly served has an absolute duty to respond in some fashion, and that the court in which the action is pending may enforce this obligation by imposing potentially severe sanctions.

*Id.* (emphasis added; footnotes omitted).  If it was not obvious from the text of Rule 37(d) itself, it is apparent from Professor Moore's discussion that sanctions under Rule 37(d) are reserved for the most flagrant instances of discovery *non-compliance*.  Ordering sanctions in these circumstances, where Plaintiffs have served the Faculty Defendants with answers and objections, would not be based on any authority prescribed in the Federal Rules of Civil Procedure and a clear abuse of the Court's discretion.

In support of their motion for discovery sanctions, the Faculty Defendants cite a number of

cases, which do not support their motion to sanction Plaintiffs pursuant to Rule 37(d).  Rather, the cases on which they rely describe circumstances in which sanctions were warranted for a party's failure to comply with a court order compelling discovery.  Doc. [88-1] (citing *John B. Hull, Inc. v. Waterbury Petroleum Products*, Inc., 845 F.2d 1172, 1174 (2d Cir. 1988); *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062 (2d Cir. 1979); *Valentini v. Citigroup, Inc.*, No. 11cv1355 (JMF), 2014 WL 502066 (S.D.N.Y. Feb. 7, 2014)).  For example, the Faculty Defendants rely on the Second Circuit's decision in *John B. Hull* for the rather unbridled assertion that Plaintiffs "actions . . with respect to discovery . . . *clearly* . . . warrant dismissal of . . . Plaintiffs' claims."  Doc. [88-1] at 15 (emphasis added).  In that case, Judge Nevas imposed the sanction of dismissal under then Fed R. Civ. P. 37(b)(2)(C) because WPP had failed to comply with "*three court orders* requiring it to completely and fully answer Lindell's interrogatories and to specify the basis for its damages." *Id.* at 1175-76 (emphasis added; internal quotation marks omitted).  The Court of Appeals affirmed the sanction of dismissal.

Unlike the case at bar, a series of procedurally significant events occurred in *John B. Hull* before Judge Nevas dismissed the case for WPP's failure to comply with discovery.  The first was when Lindell filed a *motion to compel* WPP to answer its interrogatories.  *Id.* at 1174. The second was when the court, responding to that motion, issued and *order* directing WPP to answer the interrogatories.  *Id.* at 1174.  After Lindell filed that motion, and the court issued that order, more motions and more court orders followed.  For instance, when WPP's discovery responses proved inadequate, Lindell moved for the imposition of sanctions.  *Id.* at 1175.  The court, in turn, issued an order directing WPP to comply fully with discovery and warning WPP that failure to comply with

the court's order would result in dismissal of the case. *Id.* Thereafter, when WPP produced a supplemental disclosure, which again proved inadequate, Lindell filed a motion seeking an order of dismissal. *Id.* In the court's subsequent order, the court admonished WPP, directed it, a third time, to comply fully with discovery, and warned it, yet again, that failure to comply with discovery would be grounds for dismissal. *Id.* It was not until Lindell's third motion for sanctions or dismissal that Judge Nevas dismissed the case pursuant to Rule 37(b)(2)(C) (as it then was). *Id.* at 1175-76.

In *John B. Hull*, the case was dismissed because WPP failed to comply with court orders directing it comply with discovery. That is what Rule 37(b) is for. It is captioned, "Failure to Comply with a Court Order," and it authorizes the court to issue sanctions, including dismissing the case, when "a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). One typically needs to file a motion to compel discovery pursuant to Rule 37(a), or alternatively, some other discovery motion pursuant to some other rule, before the court — often times pursuant to a subsequent motion requesting sanctions — has occasion to issue sanctions under Rule 37(b) for failure to obey a court order providing or permitting discovery. *See Tucker v. Am. Int'l Grp., Inc.*, 281 F.R.D. 85, 89 n. 8 (D. Conn. 2012) ("Rule [37(b)] pertains to a party's failure to comply with a court order and the sanctions a court may impose in that event."). In this case, no motion to compel discovery has been filed by the Faculty Defendants, no court-imposed discovery order has been entered by the court, and consequently, no court-imposed discovery order has been violated by Plaintiffs. Ironically, our explication of Rule 37(b) was echoed in a case cited by the Faculty Defendants, *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986). The Court of Appeals stated in *Salahuddin*: "The plain language of Rule 37(b) requires that a court order be in effect before sanctions are imposed and we have clearly held that dismissal under this subdivision

8

[is] improper in the absence of an order." *Id.* at 1131 (citations and internal quotation marks omitted).  On the particular facts and posture of present motion, there is no basis under Rule 37 for the sanctions the Faculty Defendants seek.

The Faculty Defendants' related motion to sanction Plaintiffs by revoking Mr. Grosswald's *pro hac vice* admission is equally unpersuasive, in large part because it is premised on the untried assertion that Mr. Grosswald has conducted discovery in bad faith.  The Faculty Defendants tell us that in response to their discovery requests, Plaintiffs have served inadequate answers and untenable objections.[4]  They tell us also that Plaintiffs refuse to agree to the terms of a protective order.  But they have not filed a motion for a protective order or a motion to compel discovery.  Absent such motions, we have neither the occasion nor the wherewithal to discern the sufficiency of Plaintiffs' answers, the legitimacy of their objections, or the providence of a protective order.  Consequently, we have no basis from which to conclude that Mr. Grosswald has conducted discovery in bad faith.

In these circumstances, we find meritless the Faculty Defendants' claim that Mr. Grosswald violated Rule 3.4 of the Connecticut Rules of Professional Conduct by serving allegedly inadequate discovery responses.  The Faculty Defendants cite the following subdivisions of Rule 3.4, captioned "Fairness to Opposing Party and Counsel," for the following propositions:

> A lawyer shall not:
>
> (1) Unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value.  A lawyer shall not counsel or

---

[4] The Faculty Defendants purport that Plaintiffs object to their production requests principally on the ground that disclosure of requested documents would undermine the impeachment value of Plaintiffs' evidence prior to depositions being taken.  They cite authority they say supports their claim that such an objection is improper.  We will not evaluate the merits of such an objection outside the context of a properly made motion to compel discovery.  Nor can we.

assist another person to do any such act . . .

(3) Knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an open assertion that no valid obligation exists;

(4) In pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party

Rules of Professional Conduct 3.4.  Plaintiffs' citation to Rule 3.4 conjures up images of errant lawyers feeding inculpatory evidence into paper-shredders and fireplaces.  Lady Justice, sans-blindfold, looks on.  She is crestfallen.  A tear runs down her face.  Her scale lies broken at her feet. In the context of that imagery, the Court avails itself of the opportunity to advise the Faculty Defendants that Plaintiffs have not, within the meaning of the above-cited subdivisions of Rule 3.4, unlawfully altered, destroyed or concealed evidence, knowingly disobeyed an obligation under the rules of a tribunal, or, by serving answers and objections to the Faculty Defendants' requests for productions and interrogatories, failed to comply with a legally proper discovery request.  Even if a party's objections to discovery requests were a recognized violation under Rule 3.4 — a dubious proposition in light of the fact that a party's right to object is implicitly recognized in the Federal Rules of Civil Procedure[5] — a court, it seems, would first have to rule on whether the party's discovery objections were improper in the first place.  No such ruling has been made in this case because, as stated several times above, no motion to compel has been filed by the Faculty

---

[5] *See, e.g.,* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and *any objections* within 30 days after being served with the interrogatories. . . .") (emphasis added); Fed. R. Civ. P. 33(b)(4) ("The grounds for *objecting* to an interrogatory must be stated with specificity. . . ." (emphasis added); Fed. R. Civ. P. 34(b)(2)(C) ("An *objection* to part of a request must specify the part and permit inspection of the rest. . . .") (emphasis added); Fed. R. Civ. P. 34(b)(2)(D) ("The response may state an *objection* to a requested form for producing electronically stored information. . . .") (emphasis added).

Defendants.  The Court takes seriously allegations of violations of Rule 3.4.  However, an attorney has not violated that rule merely by serving timely answers and objections to discovery requests, which the opposing party deems to be inadequate.  Accordingly, the Faculty Defendants' motion to revoke Mr. Grosswald's *pro hac vice* admission and to dismiss Plaintiffs' claims, will be denied subject to the conditions for re-filing described, *infra*.

We turn next to Plaintiffs' request for a court order directing the Faculty Defendants to pay Plaintiffs' legal fees and costs for responding to the instant motion.  Plaintiffs cite no authority for that request; however, it is well-settled that "[o]ur authority to impose sanctions is grounded, first and foremost, in our inherent powers to control the proceedings that take place before this Court." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)).  Supplementary authority for the court's imposition of sanctions resides in Rule 11 and Rule 37 of the Federal Rules of Civil Procedure.  Under Rule11(c), a court, by a party's motion or on its own, may impose appropriate sanctions on "any attorney, law firm, or party that violated" Rule 11(b) or is responsible for the violation.  Any attorney filing a motion under Rule 11(b), must, *inter alia*, certify to the best of her knowledge that the motion is not being brought for any improper purpose and is not frivolous in nature.  *See* Fed. R. Civ. P. 11(b).  Rule 11, however, "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).  Rather, sanctions for discovery abuses are imposed pursuant to Rule 37.  *Kiobel v. Millson*, 592 F.3d 78, 86 n.9 (2d Cir. 2010).  Accordingly, while the Faculty Defendants' motion to dismiss Plaintiffs' claims pursuant to Rule 37(d)  is outside the ambit of Rule 11, the Faculty Defendants' motion to revoke Mr. Grosswald's *pro hac vice* admission is subject to the strictures of Rule 11.

11

Rule 11(c) sets forth the procedure to be followed where the court, or a moving party, pursues sanctions under the rule. A "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In the case at bar, Plaintiffs have not filed a separate motion for sanctions; rather, in their opposition to the instant motion, they request a court order imposing costs and legal fees on the Faculty Defendants. Notwithstanding the absence of a motion for sanctions, the court, "[o]n it own . . . may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). The Second Circuit has cautioned that "court-initiated sanction proceedings" should be reserved for the "more egregious circumstances" and that "'show cause orders will ordinarily be issued only in situations that are akin to contempt of court.'" *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003) (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments). Sanctions for contempt of court require a finding of bad faith. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 151 (2d Cir. 2009). Under this heightened standard, we conclude, without difficulty, that court-imposed sanctions are not warranted here. Although the Court finds the motion to revoke Mr. Grosswald's *pro hac vice* admission wholly unpersuasive, we cannot conclude that the motion was interposed in bad faith and thus rises to the level of a Rule 11 violation.

With respect to sanctions for certain discovery abuses, Rule 37 prominently provides that if a motion to compel discovery filed under sub division (a) of that rule is denied, "the court may . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). That provision may inspire caution in one filing a motion to compel under

Rule 37(a), but it does not impose sanctions on a party whose Rule 37(d) motion has been denied by the court.  Nor does any related provision.  Therefore, although the Faculty Defendants' motion for sanctions is procedurally improper, it is not sanctionable under the Federal Rules of Civil Procedure.  Plaintiffs' request for a court order directing the Faculty Defendants to pay their costs is denied.

<h1 style="text-align:center">III</h1>

We turn next to Plaintiffs' motion for an order compelling the Faculty Defendants to comply fully with their August 9, 2014 requests for production.  The motion follows the Faculty Defendants' response to Plaintiffs' August 9 requests for production, in which the Faculty Defendants served Plaintiffs with 1,665 pages of documents, objections to certain production requests, and a privilege log cataloguing documents not produced.  Doc. [95] at 2.  In their memorandum in support of the motion, Plaintiffs describe deficiencies in the Faculty Defendants' document production and "request that this Court compel the Avon Faculty Defendants to correct the deficiencies in their discovery." Doc. [92-2] at 2-3.  The Faculty Defendants characterize Plaintiffs motion as "procedurally improper" because it is based on "supposition" that documents exist, not confirmation, that they do. Doc. [95] at 2, 4.  The Faculty Defendants explain that in those circumstances, a movant must first confirm the existence of the documents through "supplemental discovery requests and depositions" before a motion to compel may be filed.  Doc. [95] at 4.  In response to that argument, Plaintiffs state in their reply that the instant motion is "based on the need to overrule Defendants' objections," and for the first time append to that reply the Faculty Defendants' objections to their requests for production.  Doc. [97] at 2.  The Faculty Defendants, in a sur-reply, state that Plaintiffs have attempted to "reframe" the instant motion as one moving for a court order overruling the Faculty

13

Defendants' objections to Plaintiffs' request for production.  Doc. [99] at 1.  Apart from whether the instant motion is procedurally improper, the parties contest the sufficiency of the Faculty Defendants' document production.  Plaintiffs complain of missing emails, correspondences, faculty handbooks, training materials and text messages, documents with cut off pages, and electronic missives of questionable authenticity.  The Faculty Defendants defend the sufficiency of their production, claim generally they have given all there is to give, and dutifully acknowledge their ongoing obligation under Rule 26(e) to supplement disclosures that prove incorrect or incomplete.  In sum, the parties present scores of discrete discovery disputes for the Court to decide.

The Court will not resolve any of those disputes on the present motion because we are not satisfied that the parties have sought resolution of the contested issues in good faith.

The exchange preceding the instant motion between Mr. Grosswald and counsel for the Faculty Defendants, Thomas R. Gerarde, Esquire, suggests that the parties made no real effort to resolve their discovery disputes before seeking court intervention.  Following receipt of the Faculty Defendants' responsive document production, Mr. Grosswald wrote to Mr. Gerarde on March 12, 2015, informing Mr. Gerarde that his clients' "discovery responses" were "deficient" and stating the following with respect to resolving those deficiencies: "Please let me know if you are available to meet and confer on these issues prior to Plaintiffs filing a motion to compel."  Doc. [92-7] at 1.  On March 17, 2015, Mr. Gerarde emailed Mr. Grosswald.  The body-text of that email stated in its entirety:

> Attorney Grosswald -- any discussion will have to be preceded by your withdrawing your objections to our discovery requests based on the documents sought having impeachment value, and based on there being no protective order in place when we have agreed to your terms as to the order of protection.  Please let me know if you will agree to

> proceed accordingly.   Otherwise, we will continue to pursue the
> Motion addressed to this issue before Judge Haight or one of the
> other Judges.

Doc. [92-8].  Short of addressing the deficiencies in his own clients' document production, which,

as described above, produced only one document, Mr. Grosswald replied on March 24, stating:

> Mr. Gerarde:
>
> As a follow up to my [March] 12, 2015 letter detailing the
> deficiencies in your document production, I am so putting you on
> notice that you failed to produce any correspondence between your
> office and E.D. and L.D.  Such correspondence [are] not privileged
> and should be produced.  Again, please let me know if you are willing
> to meet and confer to discuss any of the outstanding discovery issues.

Doc. [92-9].  Plaintiffs filed the instant motion to compel on March 31, appending to that motion

these unimpressive communications between counsel, and the certification of Mr. Grosswald,

wherein, he declares that he has "attempted to meet and confer with counsel for [the Faculty]

Defendants . . . in an effort in good faith to resolve by agreement the issues raised in this motion

without the intervention of the Court."  Doc. [92-5] at ¶ 2.

Federal Rule of Civil Procedure 37(a) states that a motion to compel "must include a

certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R.

Civ. P. 37(a).  The analog to that provision in our Local Rules requires more of the movant:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be
> filed unless counsel making the motion has *conferred* with opposing
> counsel and *discussed* the discovery issues between them *in detail* in
> a good faith effort to eliminate or reduce the area of controversy, and
> to arrive at a mutually satisfactory resolution.  In the event the
> consultations of counsel do not fully resolve the discovery issues,
> counsel making a discovery motion shall file with the Court, as part
> of the motion papers, an affidavit certifying that he or she has

> *conferred* with counsel for the opposing party in an effort in good
> faith to resolve by agreement the issues raised by the motion without
> the intervention of the Court, and has been unable to reach such an
> agreement.  If some of the issues raised by the motion have been
> resolved by agreement, the affidavit shall specify the issues so
> resolved and the issues remaining unresolved.

D. Conn. Loc. R. 37(a) (emphasis added).  A certification from a movant that he has merely attempted to meet and confer with opposing counsel does not satisfy the requirements of the Local Rules.  Rather, under Local Rule 37(a), a movant must confer with opposing counsel and must discuss discovery disputes *in detail* and in good faith.  Courts in this District have also stated that the meet-and-confer requirement of our Local Rules and the Federal Rules of Civil Procedure requires the parties to "meet, in person or by telephone." *Brown v. Clayton*, No. 3:11cv714 (HBF), 2013 WL 1409884, at *2 (D. Conn. Apr. 8, 2013) (quoting *Messier v. Southbury Training* School, No. 3:94cv1706 (EBB), 1998 WL 841641, at *3-4 (D. Conn. 1998)).  Plaintiffs have not adhered to these requirements.

In Mr. Gerarde's March 17 email, he indicated that Plaintiffs would have to withdraw their objections to the Faculty Defendants' own requests for document production before any discussion about defects in the Faculty Defendants' document production could occur.  We do not condone the imposition of such a condition, but we understand the sentiment.  Mr. Gerarde gave Mr. Grosswald 1,665 pages of documents.  In turn, Mr. Grosswald gave Mr. Gerarde a one page document.  In the context of that inequity, the Local Rules' requirement to discuss discovery issues in detail, and the mandate recognized in our case law to telephone opposing counsel or meet in person to discuss discovery issues, we cannot conclude that Plaintiffs have made a good faith effort to resolve the discovery disputes on their own before seeking the assistance of the Court.

16

## IV

Based on the foregoing,  Plaintiffs' motion to compel (Docs. 92 and 98) is denied without prejudice to their right to re-file a motion to compel accompanied with a certification from Plaintiffs' counsel that he has "conferred with opposing counsel [by telephone or in person] and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution."  D. Conn. Loc. Rule 37(a).

The Faculty Defendants' motion to dismiss Plaintiffs' claims and to revoke Mr. Grosswald's *pro hac* vice admission (Doc. 88) is denied, without prejudice to the Faculty Defendants' right to re-file the motion in circumstances where the motion is permitted because of discovery *noncompliance* or an arguable violation of the Connecticut Rules of Professional Conduct.  As indicated above, timely service of answers and objections to interrogatories and requests for production does not rise to the level of a *per se* ethical violation.

The parties are reminded of their continuing obligation to conduct discovery in good faith. The Court will not look favorably on future motions that fail to adhere to the plain requirements of the Federal Rules of Civil Procedure or the District of Connecticut Local Rules.

It is SO ORDERED.

Dated:   New Haven, Connecticut
           May 22, 2015

                            */s/ Charles S. Haight, Jr.*
                            CHARLES S. HAIGHT, JR.
                            Senior United States District Judge