UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE; JOHN DOE and J.D. | : | NO.: 3:14-CV-00718-CSH |
| | : | |
| v. | : | |
| | : | |
| TANYA MASTOLONI; REBECCA | : | |
| KESSLER; CHRISTOPHER ESPOSITO; | : | |
| LAURA SULLIVAN; AVON PUBLIC | : | |
| SCHOOLS and WELLESLEY COLLEGE | : | APRIL 13, 2016 |

## ANSWER AND AFFIRMATIVE DEFENSES TO
## FIRST AMENDED COMPLAINT

### INTRODUCTION

1-3.    Paragraphs 1, 2 and 3 are denied.

4.      As to the allegations contained in Paragraph 4, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

5-13.   Paragraphs 5, 6, 7, 8, 9, 10, 11, 12 and 13 are denied.

14-15.  As to the allegations contained in Paragraphs 14 and 15, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

### SUBJECT MATTER JURISDICTION AND VENUE

16-19.  As to the allegations contained in Paragraphs 16, 17, 18 and 19, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

## PARTIES AND PERSONAL JURISDICTION

PLAINTIFF:

20.     As to the allegations contained in Paragraph 20, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

DEFENDANTS:

21-25.   Paragraphs 21, 22, 23, 24, and 25 are admitted.

PERSONAL JURISDICTION:

26-34.   As to the allegations contained in Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, and 34, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

## FACTUAL ALLEGATIONS

BACKGROUND INFORMATION:

35-36.   As to the allegations contained in Paragraphs 35 and 36, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

37.     As to that portion of Paragraph 37 which states, "Spanish," the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.  The remainder of said paragraph is denied.

38-39.   As to the allegations contained in Paragraphs 38 and 39, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

2

40-64.  Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 are denied.

**E.D.'S RELIGIOUS INDOCTRINATION:**

65-77.   As to the allegations contained in Paragraphs 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, and 77, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

78-86.  Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, and 86 are denied.

87-88.   As to the allegations contained in Paragraphs 87 and 88, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

89.      Paragraph 89 is denied.

90-99.  As to the allegations contained in Paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98 and 99, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

100.    As to the allegations contained in Paragraph 100, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

101-102.  Paragraphs 101 and 102 are denied.

103-108.  As to the allegations contained in Paragraphs 103, 104, 105, 106, 107, and 108, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

109.    Paragraph 109 is denied.

110-112.  As to the allegations contained in Paragraphs 110, 111 and 112, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

113.    Paragraph 113 is denied.

114.    As to the allegations contained in Paragraph 114, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

115-119.  Paragraphs 115, 116, 117, 118, and 119 are denied.

120-121.  As to the allegations contained in Paragraphs 120 and 121, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

122-124.  Paragraphs 122, 123, and 124 are denied.

125-126.  As to the allegations contained in Paragraphs 125 and 126, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

127-129.  Paragraphs 127, 128, and 129 are denied.

130.    As to the allegations contained in Paragraph 130, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

131.    Paragraph 131 is denied.

132.    As to the allegations contained in Paragraph 132, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

133-135.  Paragraphs 133, 134, and 135 are denied.

136.  As to the allegations contained in Paragraph 136, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

137-139.  Paragraphs 137, 138, and 139 are denied.

140-141.  As to the allegations contained in Paragraphs 140 and 141, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

142.    Paragraph 142 is denied.

143.    As to the allegations contained in Paragraph 143, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

144-148.   Paragraphs 144, 145, 146, 147, and 148 are denied.

149-161.   As to the allegations contained in Paragraphs 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, and 161, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

162-163.  Paragraphs 162 and 163 are denied.

164-167.  As to the allegations contained in Paragraphs 164, 165, 166, and 167, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

168.    Paragraph 168 is denied.

169-174.  As to the allegations contained in Paragraphs 169, 170, 171, 172, 173, and 174, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

175-182.  Paragraphs 175, 176, 177, 178, 179, 180, 181, and 182 are denied.

183-213.  As to the allegations contained in Paragraphs 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, and 213, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

**L.D.'S RELIGIOUS INDOCTRINATION:**

214.    As to the allegations contained in Paragraph 214, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

215-217.   Paragraphs 215, 216, and 217 are denied.

218-222.   As to the allegations contained in Paragraphs 218, 219, 220, 221, and 222, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

223-227.   Paragraphs 223, 224, 225, 226, and 227 are denied.

228-259.  As to the allegations contained in Paragraphs 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, and 259, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

260-261.   Paragraphs 260 and 261 are denied.

**J.D.'S RELIGIOUS INDOCTRINATION:**

262-263.   As to the allegations contained in Paragraphs 262 and 263, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

264-271.   Paragraphs 264, 265, 266, 267, 268, 269, 270, and 271 are denied.

272-273.  As to the allegations contained in Paragraphs 272 and 273, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

274-282.   Paragraphs 274, 275, 276, 277, 278, 279, 280, 281, and 282 are denied.

283.    As to the allegations contained in Paragraph 283, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

284-285.  Paragraphs 284 and 285 are denied.

286.    As to the allegations contained in Paragraph 286, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

287.    Paragraph 287 is denied.

288.    As to the allegations contained in Paragraph 288, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

289-349.  As to the allegations contained in Paragraphs 289 - 349, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

350.    Paragraph 350 is denied.

351-355.   As to the allegations contained in Paragraphs 351 - 355, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

356-357.   Paragraphs 356 and 357 are denied.

**THE DEFENDANTS RETALIATE BY REMOVING E.D. AND L.D. FROM THE DOE HOME FOR GOOD:**

358-359.    Paragraphs 358 and 359 are denied.

360-374.    As to the allegations contained in Paragraphs 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, and 374, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

375-376.    Paragraphs 375 and 376 are denied.

377-378.    As to the allegations contained in Paragraphs 377 and 378, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

379-383.    Paragraphs 379, 380, 381, 382, and 383 are denied.

384-385.    As to the allegations contained in Paragraphs 384 and 385, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

386-398.    As to the allegations contained in Paragraphs 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, and 398, are denied.

399-401.   As to the allegations contained in Paragraphs 399, 400, and 401, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

**DEFENDANTS RETALIATE AGAINST J.D.**

402-412.   Paragraphs 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, and 412 are denied.

**DEFENDANTS CONCEALED THEIR WRONGFUL CONDUCT TO DEFEAT THE STATUE OF LIMITATIONS:**

413-431.   Paragraphs 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, and 431 are denied.

**DEFENDANTS MASTOLONI, KESSLER, ESPOSITO, AND SULLIVAN ARE NOT ENTITLED TO IMMUNITY:**

432-434.   As to the allegations contained in Paragraphs 432, 433, and 434, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

435-439.    Paragraphs 435, 436, 437, 438, and 439 are denied.

**DEFENDANT AVON PUBLIC SCHOOLS IS SUBJECT TO *MONELL* LIABILITY:**

**A.    General Allegations Relating to *Monell* Liability.**

440-443.    As to the allegations contained in Paragraphs 440, 441, 442, and 443, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

**B.    The Board Was on Notice that Defendant Sullivan had a Propensity for Unconstitutionally Breaking up Families by Making False Allegations of Abuse.**

444-447.    Paragraphs 444, 445, 446, and 447 are denied.

448.    As to the allegations contained in Paragraph 448, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

449-450.    Paragraphs 449 and 450 are denied.

451-452.    As to the allegations contained in Paragraphs 451 and 452, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

453.    Paragraph 453 is denied.

454-462.    As to the allegations contained in Paragraphs 454, 455, 456, 457, 458, 459, 460, 461, and 462, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

**C.    The Board has a Policy or Custom of Prohibiting Complaints About Abusive Employees from Being Made Directly to the Board, Thereby Keeping the Board Willfully Ignorant of Constitutional Violations that are Known to Employees, Parents and Students Within the School District.**

463-466.    As to the allegations contained in Paragraphs 463, 464, 465, and 466, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

467.    Paragraph 467 is denied.

468-474.    As to the allegations contained in Paragraphs 468, 469, 470, 471, 472, 473, and 474, the defendants do not have sufficient knowledge or information upon

which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

**D.** **For Those Cases Where Complaints About Abusive Employees do Reach Board Members, the Board has Adopted a Policy or Custom of Covering Up the Problem, Protecting the Abusers, and Retaliating Against the Complaining Student or Parent.**

475-507.   As to the allegations contained in Paragraphs 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, and 507, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

508.   Paragraph 508 is denied.

509.   As to the allegations contained in Paragraph 509, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

510-515.   Paragraphs 510, 511, 512, 513, 514, and 515 are denied.

**E.** **The Board's Policy or Custom of Deliberate Indifference Towards the Constitutional Rights of Students and Parents is Evident from its Behavior Since the Filing of this Lawsuit.**

1.   None of the Defendant Faculty Members have been placed on Administrative Leave.

516.   As to the allegations contained in Paragraph 516, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

517.   Defendants admit that as of March 14, 2016, Defendants Mastoloni, Kessler, and Sullivan were all still employed with Avon Public Schools.

518.      Defendants admit that Defendant Esposito left to take another position in 2011.

519-524.     As to the allegations contained in Paragraphs 519, 520, 521, 522, 523, and 524, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

        2.      <u>Defendant Kessler is still a Member of the Anti-Bullying Committee</u>.

525-532.     As to the allegations contained in Paragraphs 525, 526, 527, 528, 529, 530, 531, and 532, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

        3.      <u>The Board has Engaged in Retaliatory Intimidation Since this Lawsuit has been filed</u>.

533-545.     As to the allegations contained in Paragraphs 533, 534, 535, 536, 537, 538, 539, 540, 541, 542, 543, 544, and 545, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

**F.**      **The Board's Policy or Custom of Deliberate Indifference Caused the Plaintiffs' Injuries.**

546-549.     As to the allegations contained in Paragraphs 546, 547, 548, and 549, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

**CLAIMS FOR RELIEF**
**CAUSE OF ACTION #1**
**DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

**(As to Jane and John Against All Defendants Arising Out of Indoctrination of Three Daughters and Alienation of Two Daughters)**

550.    As to the allegations contained in Paragraph 550, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

551.    Paragraph 551 is denied.

**A.      Deprivation of Separation of Church and State Rights Under Establishment Clause:**

552.    As to the allegations contained in Paragraph 552, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

553-554.    The defendants do not respond Paragraphs 553 and 554 because they call for a legal conclusion.  If a response is required to Paragraphs 553 and 554, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

555-562.    Paragraphs 555 – 562 are denied.

563.    The defendants do not respond Paragraph 563 because it calls for a legal conclusion.  If a response is required, Paragraph 563 is denied

**B.      Deprivation of Free Exercise Rights and Parental Autonomy Rights Under Free Exercise Clause & Due Process Clause (Hybrid Rights):**

564-567.    The defendants do not respond to Paragraphs 564, 565, 566, and 567 because they call for a legal conclusion. If a response is required to Paragraphs 564, 565, 566, and 567, the defendants do not have sufficient knowledge or information

upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

568-569.   As to the allegations contained in Paragraphs 568 and 569, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

570-575.   Paragraphs 570 – 575 are denied.

576.   The defendants do not respond Paragraph 576 because it calls for a legal conclusion. If a response is required, Paragraph 576 is denied

C.   **Deprivation of Intimate Relationship Rights Under Due Process Clause:**

577-578.   The defendants do not respond Paragraphs 577 and 578 because they call for a legal conclusion. If a response is required to Paragraphs 577 and 578, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

579.   That portion of Paragraph 579 which states, "Prior to the interference by the Defendants Mastoloni, Kessler, Esposito and Sullivan," is denied.  As to the remainder of paragraph 579, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

580.   Paragraph 580 is denied.

581.   The defendants do not respond Paragraph 581 because it calls for a legal conclusion. If a response is required to Paragraph 581, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

582-585.   Paragraphs 582 – 585 are denied.

586.    The defendants do not respond Paragraph 586 because it calls for a legal conclusion. If a response is required to Paragraph 586, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

587-602.    Paragraphs 587 – 602 are denied.

603.    The defendants do not respond Paragraph 603 because it calls for a legal conclusion. If a response is required, Paragraph 603 is denied.

**D.    Deprivation of Expressive Association Rights Under First Amendment:**

604-605.    The defendants do not respond Paragraphs 604 and 605 because they call for a legal conclusion. If a response is required to Paragraphs 604 and 605, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

606.    That portion of Paragraph 606 which states, "Prior to the interference by the Defendants Mastoloni, Kessler, Esposito and Sullivan," is denied.  As to the remainder of paragraph 606, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

607.    Paragraph 607 is denied.

608.    The defendants do not respond Paragraph 608 because it calls for a legal conclusion. If a response is required to Paragraph 608, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

609-612.    Paragraphs 609 – 612 are denied.

613.    The defendants do not respond Paragraph 613 because it calls for a legal conclusion. If a response is required to Paragraph 613, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

614-631.    Paragraphs 614 – 631 are denied.

632.    The defendants do not respond Paragraph 632 because it calls for a legal conclusion. If a response is required, Paragraph 632 is denied

E.    **Deprivation of Equal Treatment Rights Under Equal Protection Clause**:

633.    Paragraph 633 is denied.

634.    The defendants do not respond Paragraph 634 because it calls for a legal conclusion. If a response is required to Paragraph 634, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

635.    Paragraph 635 is denied.

636.    The defendants do not respond Paragraph 636 because it calls for a legal conclusion. If a response is required, Paragraph 636 is denied.

F.    **Deprivation of Rights Under § 1983**:

637-638.    The defendants do not respond Paragraph 637 and 638 because they call for a legal conclusion. If a response is required to Paragraphs 637 and 638, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

639-642.    Paragraphs 639 – 642 are denied.

## CAUSE OF ACTION #2

## DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

**(As to J.D. Against All Defendants Arising Out of Indoctrination, Harassment, and Alienation of Two Sisters)**

643.    As to the allegations contained in Paragraph 643, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

644.    Paragraph 644 is denied.

A.    **Deprivation of Separation of Church and State Rights Under Establishment Clause:**

645.    As to the allegations contained in Paragraph 645, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

646-647.    The defendants do not respond Paragraphs 646 and 647 because they call for a legal conclusion. If a response is required to Paragraphs 646 and 647, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

648-655.    Paragraphs 648 – 655 are denied.

656.    The defendants do not respond Paragraph 656 because it calls for a legal conclusion. If a response is required, Paragraph 656 is denied.

B.    **Deprivation of Free Exercise Rights Under Free Exercise Clause:**

657-658.    As to the allegations contained in Paragraphs 657 and 658, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

659-662.    Paragraphs 659 – 662 are denied.

663.    The defendants do not respond Paragraph 663 because it calls for a legal conclusion. If a response is required, Paragraph 663 is denied.

**C.      Deprivation of Intimate Relationship Rights Under Due Process Clause:**

664-665.    The defendants do not respond Paragraphs 664 and 665 because they call for a legal conclusion. If a response is required to Paragraphs 664 and 665, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

666.    That portion of Paragraph 666 which states, "Prior to the interference by the Defendants Mastoloni, Kessler, Esposito and Sullivan," is denied.  As to the remainder of paragraph 666, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

667.    Paragraph 667 is denied.

668.    The defendants do not respond Paragraph 668 because it calls for a legal conclusion. If a response is required to Paragraph 668, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

669-672.    Paragraphs 669 – 672 are denied.

673.    The defendants do not respond Paragraph 673 because it calls for a legal conclusion. If a response is required Paragraph 673, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

674-687.    Paragraphs 674 – 687 are denied.

688.    The defendants do not respond Paragraph 688 because it calls for a legal conclusion. If a response is required, Paragraph 688 is denied.

     D.    **Deprivation of Expressive Association Rights Under First Amendment**:

689-690.    The defendants do not respond Paragraphs 689 - 690 because they call for a legal conclusion. If a response is required to Paragraphs 689 - 690, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

691.    That portion of Paragraph 691 which states, "Prior to the interference by the Defendants Mastoloni, Kessler, Esposito and Sullivan," is denied.  As to the remainder of paragraph 691, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

692.    Paragraph 692 is denied.

693.    The defendants do not respond Paragraph 693 because it calls for a legal conclusion. If a response is required to Paragraph 693, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

694-697.    Paragraphs 694 – 697 are denied.

698.    The defendants do not respond Paragraph 698 because it calls for a legal conclusion. If a response is required to Paragraph 698, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

699-714.    Paragraphs 699 – 714 are denied.

715.    The defendants do not respond Paragraph 715 because it calls for a legal conclusion. If a response is required, Paragraph 715 is denied.

**E.**    **Deprivation of Equal Treatment Rights Under Equal Protection Clause**:

716-720.    Paragraphs 716 – 720 are denied.

721.    The defendants do not respond Paragraph 721 because it calls for a legal conclusion. If a response is required to Paragraph 721, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

722.    Paragraph 722 is denied.

723.    The defendants do not respond Paragraph 723 because it calls for a legal conclusion. If a response is required, Paragraph 723 is denied.

**F.**    **Deprivation of Rights Under § 1983**:

724-725.    The defendants do not respond Paragraphs 724 and 725 because they call for a legal conclusion. If a response is required to Paragraphs 724 and 725, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

726-729.    Paragraphs 726 – 729 are denied.


## CAUSE OF ACTION #3


## VIOLATION STATE RELIGIOUS FREEDOM RESTORATION ACT
### (Conn. Gen. Stat. § 52-571b)

**(As to Jane and John Against All Defendants
Arising Out of Indoctrination of Three Daughters)**

730-732.    As to the allegations contained in Paragraphs 730 - 732, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

733-735.    Paragraphs 733 – 735 are denied.

736.   The defendants do not respond to Paragraph 736 because it calls for a legal conclusion. If a response is required, Paragraph 736 is denied.

737-739.    Paragraphs 737 – 739 are denied.

## CAUSE OF ACTION #4

### VIOLATION STATE RELIGIOUS FREEDOM RESTORATION ACT
### (Conn. Gen. Stat. § 52-571b)

**(As to J.D. Against All Defendants Arising Out of Indoctrination)**

740-742.    As to the allegations contained in Paragraphs 740 - 742, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

743-746.    Paragraphs 743 – 746 are denied.

747.   The defendants do not respond Paragraph 747 because it calls for a legal conclusion. If a response is required, Paragraph 747 is denied.

748-750.    Paragraphs 748 – 750 are denied.

## CAUSE OF ACTION #5

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(As to Jane, John and J.D. Against Defendants
Mastoloni, Kessler, Esposito and Sullivan)**

751.    As to the allegations contained in Paragraph 751, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

752-761.    Paragraphs 752 – 761 are denied.

## CAUSE OF ACTION #6

### DEFAMATION

### (As to Jane and John Against Defendants Mastoloni, Kessler, Esposito and Sullivan)

762.    As to the allegations contained in Paragraph 762, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

763-777.    Paragraphs 763 – 777 are denied.

## CAUSE OF ACTION #7

### DEFAMATION BY INNUENDO

### (As to Jane and John Against Defendants Mastoloni, Kessler, Esposito and Sullivan)

778.    As to the allegations contained in Paragraph 778, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

779-793.    Paragraphs 779 – 793 are denied.

## CAUSE OF ACTION #8

## INVASION OF PRIVACY / FALSE LIGHT

**(As to Jane and John Against Defendants
Mastoloni, Kessler, Esposito and Sullivan)**

794.    As to the allegations contained in Paragraph 794, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

795-806.    Paragraphs 795 – 806 are denied.

807.    The defendants do not respond Paragraph 807 because it calls for a legal conclusion. If a response is required, Paragraph 807 is denied.

808-811.    Paragraphs 808 – 811 are denied.

## CAUSE OF ACTION #9

## INVASION OF PRIVACY / INTRUSION UPON SECLUSION

**(As to Jane and John Against Defendants
Mastoloni, Kessler, Esposito and Sullivan)**

812.    As to the allegations contained in Paragraph 812, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

813-817.    Paragraphs 813 – 817 are denied.

818.    The defendants do not respond Paragraph 818 because it calls for a legal conclusion. If a response is required, Paragraph 818 is denied.

819-821.    Paragraphs 819 – 821 are denied.

822.    The defendants do not respond Paragraph 822 because it calls for a legal conclusion. If a response is required, Paragraph 822 is denied.

## CAUSE OF ACTION #10

## INVASION OF PRIVACY / PUBLIC DISCLOSURE OF PRIVATE FACTS

### (As to J.D. Against Defendant Mastoloni)

823.   As to the allegations contained in Paragraph 823, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiffs to their burden of proof.

824-827.   Paragraphs 824 – 827 are denied.

828.   The defendant does not respond Paragraph 828 because it calls for a legal conclusion. If a response is required, Paragraph 828 is denied.

829-831.   Paragraphs 829 – 831 are denied.

## CAUSE OF ACTION #11

## NEGLIGENCE

### (As to Jane, John and J.D. Against Defendants Mastoloni, Kessler, Esposito and Sullivan)

832.   As to the allegations contained in Paragraph 832, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

833-834.   The defendant does not respond Paragraphs 833 and 834 because they call for a legal conclusion. If a response is required to Paragraphs 833 and 834, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

835-844.   Paragraphs 835 – 844 are denied.

## CAUSE OF ACTION #12

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(As to Jane, John and J.D. Against Defendants
Mastoloni, Kessler, Esposito, and Sullivan)**

845.   As to the allegations contained in Paragraph 845, the defendants do not

have sufficient knowledge or information upon which to base a belief or opinion and,

therefore, leave the plaintiffs to their burden of proof.

846-852.   Paragraphs 846 – 852 are denied.

## BY WAY OF AFFIRMATIVE DEFENSES

### COUNT ONE

1. The Complaint fails to state a claim upon which relief may be granted.
2. The plaintiffs' claims are barred by the doctrine of qualified immunity.
3. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.

### COUNT TWO

1. The Complaint fails to state a claim upon which relief may be granted.
2. The plaintiffs' claims are barred by the doctrine of qualified immunity.
3. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.

### COUNT THREE

1. The Complaint fails to state a claim upon which relief may be granted.
2. The plaintiffs' claims are barred by the doctrine of qualified immunity.
3. To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
4. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.

### COUNT FOUR

1. The Complaint fails to state a claim upon which relief may be granted.
2. The plaintiffs' claims are barred by the doctrine of qualified immunity.
3. To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
4. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.

### COUNT FIVE

1. The Complaint fails to state a claim upon which relief may be granted.
2. To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.

4.  Plaintiffs' claims are barred for lack subject matter jurisdiction.


## COUNT SIX

1.  The Complaint fails to state a claim upon which relief may be granted.
2.  To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3.  All statements by the defendants were privileged and justified.
4.  The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.
5.  Plaintiffs' claims are barred for lack subject matter jurisdiction.


## COUNT SEVEN

1.  The Complaint fails to state a claim upon which relief may be granted.
2.  To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3.  All statements by the defendants were privileged and justified.
4.  The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.
5.  Plaintiffs' claims are barred for lack subject matter jurisdiction.


## COUNT EIGHT

1.  The Complaint fails to state a claim upon which relief may be granted.
2.  To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3.  All statements by the defendants were privileged and justified.
4.  The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.
5.  Plaintiffs' claims are barred for lack subject matter jurisdiction.


## COUNT NINE

1.  The Complaint fails to state a claim upon which relief may be granted.
2.  To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3.  All statements by the defendants were privileged and justified.
4.  The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.
5.  Plaintiffs' claims are barred for lack subject matter jurisdiction.

## COUNT TEN

1. The Complaint fails to state a claim upon which relief may be granted.
2. To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3. All statements by the defendants were privileged and justified.
4. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages.
5. Plaintiffs' claims are barred for lack subject matter jurisdiction.

## COUNT ELEVEN

1. The Complaint fails to state a claim upon which relief may be granted.
2. To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3. The plaintiffs' claims are barred by the plaintiffs' own negligence for failure to act as would a reasonable person under the circumstances.
4. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages
5. Plaintiffs' claims are barred for lack subject matter jurisdiction.

## COUNT TWELVE

1. The Complaint fails to state a claim upon which relief may be granted.
2. To the extent no exception applies, the plaintiffs' claims are barred by governmental immunity, pursuant to common law and CGS 52-557n.
3. The plaintiffs' claims are barred by the plaintiffs' own negligence for failure to act as would a reasonable person under the circumstances.
4. The plaintiffs are not entitled to punitive damages as the defendants did not act with malice or with reckless indifference required to sustain an award of punitive damages
5. Plaintiffs' claims are barred for lack subject matter jurisdiction.

DEFENDANTS,
TANYA MASTOLONI; REBECCA
KESSLER; CHRISTOPHER ESPOSITO;
and LAURA SULLIVAN


By:/s/ Thomas R. Gerarde
   Thomas R. Gerarde (ct05640)
   Peter J. Carpentier (ct29722)
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  tgerarde@hl-law.com
   E-Mail:  pcarpentier@hl-law.com

## <u>CERTIFICATION</u>

This is to certify that on April 13, 2016, a copy of the foregoing **Answer and Affirmative Defenses to First Amended Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Paul Grosswald, Esq.
13 Irving Place, Suite 1
Summit, NJ  07901
*(PHV – Attorney for Plaintiffs)*

Thomas S. Groth, Esq.
Law Office of Thomas S. Groth, LLC
18 Park Place, 1st Floor
Naugatuck, CT  06770
*(Attorney for Plaintiffs)*

Cindy A. Miller, Esq.
Michael J. Rose, Esq.
Johanna G. Zelman, Esq.
Rose Kallor, LLP
750 Main Street, Suite 606
Hartford, CT  06103
*(Attorneys for Avon Public Schools)*

/s/ Thomas R. Gerarde
Thomas R. Gerarde