UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANE DOE, JOHN DOE and J.D., | : | NO.: 3:14-cv-00718 (CSH) |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| TANYA MASTOLONI (aka Tanya Romero), | : | |
| REBECCA KESSLER (nee Rebecca Wills), | : | |
| CHRISTOPHER ESPOSITO, LAURA | : | |
| SULLIVAN, AVON PUBLIC SCHOOLS, and | : | |
| WELLESLEY COLLEGE, | : | |
|     Defendants | : | DECEMBER 5, 2017 |

**JOINT STATUS REPORT AND REQUEST FOR
REFERRAL TO VOLUNTARY ADR**

On November 23, 2016, the parties filed a consent motion to stay litigation. [ECF 134.]

As explained in the memorandum supporting that motion [ECF 134-1]:

> Your Honor will recall that the Plaintiffs in this case are two parents, Jane and John Doe, and their daughter, J.D. The parents have two other daughters, E.D. and L.D., who are also J.D.'s sisters. This case involves a claim that E.D. and L.D. were subject to predatory indoctrination by the Defendant school faculty members, causing E.D. and L.D. to become alienated from the Doe family. [See 1st Am. Compl., Doc. 128, ¶¶ 1-15] FAC, The First Amended Complaint alleges that "Since July 12, 2013, E.D. and L.D. have had almost no communication with the rest of the Doe family." [Doc. 128, ¶ 400.]
>
> In recent months, however, the Doe family has made progress in reestablishing contact with E.D. and L.D. The relationship is still very delicate, and the Plaintiffs have still not engaged E.D. or L.D. in any discussions relating to the Defendants or this case. Yet, with the discovery end date approaching on December 30, 2016, it will become necessary for E.D. and L.D. to each be deposed very soon. The Plaintiffs are concerned that if E.D. and L.D. are deposed at this time it will create further strain on their relationship with the Plaintiffs and undermine the progress they have made to date. (See Declarations of John Doe, Jane Doe & J.D.)

> Therefore, the Plaintiffs are requesting that discovery in this case be stayed for six months. The Plaintiffs are hopeful that this will afford them an opportunity to rebuild their relationships with E.D. and L.D., which would mitigate any damages attributed to the Defendants. After that, the Plaintiffs will assess this case and decide how to proceed. (Id.)
>
> Plaintiffs' counsel has discussed this proposal with counsel for all Defendants, and they have all agreed to a six-month stay of discovery. The parties request that the Court set a scheduling conference for six months from today in order to reset the discovery end date and other scheduling deadlines in this case. (See Declaration of Paul S. Grosswald)

On December 5, 2016, this Court granted that motion and stayed the case for six months. [ECF 136.] The stay was extended for an additional six months on June 19, 2017. [ECF 140.] The stay expires today.

At this time, L.D. is living at home with the Plaintiffs and E.D. came home for Thanksgiving. Both daughters now say that they love their family and they know they are loved by their family. The daughters have agreed to participate in family counseling. They might need individual counseling as well.

Under these circumstances, the parties have concluded that they might benefit from voluntary ADR, pursuant to Local Rule 16(h)(1). Therefore, the parties respectfully request that this Court refer this matter to a magistrate judge for the purposes of trying to mediate a settlement. The parties also request that this Court stay further litigation in this matter unless and until such time as the magistrate judge determines that further settlement discussions would not be productive. If and when the magistrate makes such a determination, the Plaintiffs reserve all rights to resume litigation in this case at that time.

The parties agree, pursuant to Local Rule 16(h)(2):

1. to participate in voluntary ADR, in the form of mediation;

2. that the scope of said ADR shall be to try to settle all issues in the case;

3. that the ADR provider shall be a magistrate judge of the District of Connecticut, to be selected by Judge Haight; and

4. that the effect of the mediation shall be nonbinding.

If the Court notifies the parties that the Court agrees to refer this case to voluntary ADR, the parties will jointly file a Stipulation for Reference to ADR, pursuant to Local Rule 16(h)(3). If the Court needs to discuss this matter with counsel further, counsel for all parties will make themselves available for a conference call or an in-person appearance at the Court's request.

Counsel for all parties have reviewed and consented to this submission.

Dated: December 5, 2017              /s/ Paul S. Grosswald
                                                  **PAUL S. GROSSWALD**
                                                  **Bar Number: phv06803**
                                                  13 Irving Place, Suite 1
                                                  Summit, NJ 07901
                                                  Phone: 917-753-7007
                                                  Fax: 212-671-1321
                                                  pgrosswald@hotmail.com
                                                  Attorney for Plaintiffs
                                                            **Jane Doe, John Doe, and J.D.**